And that's Turkiye Halk Bankasi, am I pronouncing that right? Halk Bankasi. All right, we'll call it the Halk Bank. You may proceed. You have five minutes. Are you going to hold any time back for rebuttal? I'd like to reserve 30 seconds for rebuttal. 30 seconds, OK. You're efficient, Mr. Ruska. Thank you, Your Honor. Just give one second so we can hand out the sheets. OK, you may proceed. Thank you, Your Honor. As the Justice Department argued when it was trying to convince the Rules Committee to change the service rule, Criminal Rule 4, the purpose of a special appearance is to avoid automatically waiving threshold issues by operation of law. That was the Justice Department's argument, and it made sense, because although the service rules changed, the need for special appearance to challenge a threshold issue like personal jurisdiction remains central. Well, that might be true in some circuits. It doesn't seem to be true here, though, right? I mean, hasn't the Second Circuit passed on this and said that personal jurisdiction of this sort can be argued on appeal as long as you preserved it? And you've clearly preserved it, right? Well, we're attempting to preserve it, Your Honor, but we were not satisfied with the precedent in the circuit. We think there is, in fact, some precedent that shows it can be waived. There's a case, McLaughlin, just decided in December, where we reviewed De Novo, an appeal from a final judgment on the issue of personal jurisdiction. There's a Toscanino case where, after a final judgment, we reviewed the challenge to personal jurisdiction. The government cites the Levy case where we denied interlocutory appeal because we said you can make this a challenge after a final judgment. So every single time that this has come before us after a final judgment where there has been a general appearance, we have allowed the challenge. So I'm not sure what case you're worried about. Well, two things, Judge Bianco. One is, those are individual cases, and we think that the rule has been very clearly stated in those cases. But the rule, especially in McLaughlin, which was just decided, was that defendants present before the Court have accepted the personal jurisdiction of the Court. We don't wish to be present. We want to challenge this in advance of presence. But to your deeper point about waiver, I mean, we look at the Beedon case. I know it's an old precedent, but it's one in which corporate defendants appear to have waived their objection to jurisdiction because they participate. They never – first of all, that dealt with presence, not personal jurisdiction. But they also didn't raise it either. You're going to – you would raise it. You could raise it. So that case is not on point.  But you could challenge it. The district court has said you can challenge it. The government has said they're not going to argue waiver. So I don't see the issue. There is no history in this – this circuit of special appearances to challenge personal jurisdiction. There is no history of that. There is a sparse history generally. It doesn't – Well, the Ninth Circuit, in a case just last year, said that it really doesn't – there is no longstanding historical practice anywhere. They surveyed the country and said it doesn't exist really anywhere. It makes sense for it to exist in these unusual circumstances. However, we are a foreign company, foreign corporation with no U.S. operations. We don't wish to come into the court and, even through entering a plea, acknowledge the personal jurisdiction of the court. We think as a threshold issue, this ought to be decided first. We're not in the same position as an individual whose body has been brought into the court and for whom this court and other courts precedent is quite clear that the court can establish personal jurisdiction regardless of how that person arrived in the court's jurisdiction. We think we're a different situation because we're a foreign corporation. We should be able to raise these issues in advance and not have to enter a plea first. There's a – there is some precedent. I grant you, Your Honor, that it's not a robust series of hundreds and hundreds of cases, but it's also an unusual situation. And we have found 16 cases where foreign corporate defendants have been – sorry, where defendants have been allowed special appearances, including many with corporate defendants. We've never found a case where a corporate defendant was not permitted to make a special appearance. Now, granted, we surveyed the entire literature. It's possible there are unreported cases, but in every reported case where a foreign corporate defendant has asked for it, they were granted it. So I think there's actually a reasonable historical basis for this, and that the I don't – should not apply to us because we're a corporate defendant. We've been put in this rather unusual situation by the aggressive approach from the – from the prosecutors. I'm not sure. Why should the rule be any different for a corporation versus an individual? What would be the rationale behind saying corporations can make special appearances but not individuals? Well, in some situations, individuals are essentially allowed to make special appearances, too. I mean, that's what the Seventh Circuit decided in Nijazi. But I think that a corporation is – has no body. It's not physically in the court. And that's usually the basis for asserting personal jurisdiction, as this Court just recognized in McLaughlin and many other cases. We're different because there has to be some way of attacking the – the corporation and getting it through some test, probably minimal contacts, which is what the Supreme Court has used, in order to decide whether or not the Court can assert jurisdiction at all. Your Honor, I see my time has expired, and I'd like to preserve time unless there are further questions at the moment. No. Okay. That's fine. We'll hear now from the group. Mr. Lockhart, you may proceed. Thank you, Your Honor. So, the Holk Bank is asking this Court to issue an extraordinary and drastic remedy of mandamus to obtain an order directing the District Court to provide it a special appearance that it does not need, in order to make a motion that is not likely to succeed, while Holk Bank has refused to comply with two summonses directing its appearance and will not concede that it will abide by an adverse ruling if the District Court issues one on its jurisdictional ruling. I think Mr. Holk – Mr. Hruska, rather, in his already – He is not. He is not. He is not. Although, by the summons, he should be putting in a general appearance for Holk Bank in the District Court, Holk Bank does not want to submit to the jurisdiction, even for the purpose of entering a plea, but the test on mandamus is whether Holk Bank has a clear and indisputable right to that relief and whether it lacks an alternative remedy. It has a remedy. Holk Bank doesn't like that remedy, but it has a remedy. The District Court has laid open the pathway for Holk Bank to raise its jurisdictional challenges. It has done that in two separate orders. As the Court noted, the government has repeatedly taken the position and will continue to take the position that so long as Holk Bank raises its jurisdictional challenge promptly, it will not be waived. But you're not going to sandbag them? No, Your Honor. We won't. And if we did, I imagine the District Court would express its appropriate views on that tactic. What about the argument that foreign corporations are different than individuals and that their research has shown that every single time that a foreign corporation has asked to file a special appearance, that that has been granted? Well, Judge Bianco, I think, as you noted, the Ninth Circuit surveyed the same body of case law that Holk Bank has cited here. Its exhaustive search has turned up a handful of cases that without a lot of critical analysis have on a handful of occasions granted a special appearance. I think that is far from demonstrating a clear and indisputable right. Several of those cases noted that it was an act of discretion by the District Court to allow special appearance. Again, an act of discretion doesn't establish a clear and indisputable right where Holk Bank, as the District Court has said, will be allowed to raise its motions, will not be held to have waived any arguments regardless of the merit or lack of merits of those arguments. I think the fact that Holk Bank is an entity actually cuts against it. So the one case that Holk Bank has cited where a mandamus was granted directing the District Court to issue, to permit a special appearance, is the Hajazi case. That case is very different from this case. It was an individual defendant. That defendant surrendered to foreign authorities for the purpose of extradition. Extradition was denied. The Court noted effects on that individual defendant in terms of not being able to travel internationally to visit his family. Holk Bank has not surrendered for extradition. Holk Bank has been served with two sentences commanding its appearance. Holk Bank does not suffer any travel obstacles. Holk Bank doesn't even have to travel physically to the United States because it is an entity. All it has to do is authorize its counsel to enter an appearance on its behalf. So I think the fact that Holk Bank is an entity cuts against its argument and shows the mandamus and a special appearance is even less appropriate here. And in fact, if Holk Bank were granted the mandamus relief it seeks, it's hard to see how any foreign defendant would be precluded from seeking and obtaining a special appearance to challenge prosecutions and indictments without being bound by adverse rulings. With bringing petitions for mandamus to this Court, seeking denials of special appearances, or seeking appellate review of adverse rulings on motions brought in a special appearance. So the extraordinary and drastic remedy would in fact be greatly expanded by the position that Holk Bank is taking. So, unless the panel has any other questions, I would just note, as I'm sure the panel knows, the government has not answered the petition under Rule 21B because we have not been directed to do so. We don't think it's required. We think the petition can be denied without an answer. But if the Court were so inclined, we would indeed answer if the Court were inclined to do so. Roberts. Thank you very much, Mr. Lockhart. Mr. Holkbank, you get 30 seconds, a.k.a. Mr. Hruska. Thank you, Your Honor. I just want to say a little bit more about the concern about waiver. I understand that's the thrust of Judge Bianco's question. We have seen a number of cases where these rights, these type of rights have been waived and we're concerned about it because we don't know the answer. Are you worried that the circuit is going to sort of change course on you? I'm worried about being told later on in this proceeding that because the bank had entered a plea, we had waived the right to challenge personal jurisdiction. We have — there's no clear line from the case law where waiver asserts itself. And there are cases where defendants have been told that they had waived this right. It is not like, for instance, an attack on subject matter jurisdiction, which obviously could be raised at any time, even after a guilty plea. But they — I mean, so the government said they're not going to stand by you. They're not going to change course and start arguing, oh, waiver. You're worried about this court, it seems to me, changing course, not doing what we did barely a month ago on McLaughlin. I see McLaughlin very differently, though, Your Honor. I see — my understanding of McLaughlin is that presence for an individual equals personal jurisdiction. But the personal jurisdiction does need to be assessed, obviously. I didn't read it as a case which said that it wouldn't be waived. I just see it as a very — But we have cases going back 30 years or more, right? I mean, Tuscany goes back even farther than that. Levy is about 30 years ago. So you're worried that we're going to make new law on this subject and you're going to get left high and dry. I'm worried that — yes, that's correct. There's enough — there are enough cases out there coming from different directions that we don't feel we have certainty about how the court would respond, especially because both the government and the district court have taken the position that it's not even possible to attack personal jurisdiction in a criminal case using a minimal contacts test or whatever other test. That has been the position — the district court issued essentially an advance advisory opinion that whatever motion we might like to file on this point would be moot since it's just not — it's not permitted. You could get review on that. Whatever the district court decides about your motion, you would get review on it, right? Well, the problem is it seems as though — I mean, they said, you know, you can make the motion. Well, the court — the district court, honestly, Your Honor, has been equivocal on that point. While at the same time urging us to make motions following a general appearance, with the other hand saying, no, you can't, this is not — this is not a permissible type of motion. It's difficult to interpret what the district court is telling us to do because of that sort of two-ended — two-ended narrative that we're getting. I see my time has expired. So if there are further questions, Your Honor. No. Okay. Thanks. We'll reserve decision. Thanks very much. Have a good day.